D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
45 Broadway, Suite 320
New York, NY 10006
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiffs, proposed
FLSA Collective Plaintiffs, and proposed
Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------x

| | |
|---|---|
| **HAYDEE SOFIA HERNANDEZ, GILDA OLIVEIRA, EMERALD HERNANDEZ, SARRA ROUSSOU and ALICE BASOVSKY, on behalf of themselves and others similarly situated,** | **CASE NO. 1:26-CV-1637** |
| | **COMPLAINT** |
| **Plaintiffs,** | **FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION** |
| **v.** | **DEMAND FOR JURY TRIAL** |
| **A PEACEFUL CORNER, INC. d/b/a EVOL NIGHTCLUB and CHENG ("DANNY") LIN,** | |
| **Defendants.** | |

-----------------------------------------------------x

Plaintiffs, on behalf of themselves and all others similarly situated, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

**THE PARTIES**

3.      Defendant A Peaceful Corner, Inc. is a New York corporation that owns and operates EVOL Night club ("EVOL") located at 2 Thompson Street, New York, NY 10013.

4.      Defendant EVOL has an annual gross volume of sales in excess of $500,000, and it has employees engaged in interstate commerce and handling, selling, or otherwise working on goods and materials that have been moved in or produced for interstate commerce. .

5.      Defendant Cheng "Danny" Lin is an active co-owner of EVOL and actively manages the nightclub. Defendant Lin has authority to hire, fire, and set the rate of pay and the terms of employment for Plaintiffs. For example, he terminated Plaintiff Basovsky's and Emerald Hernandez' employment.  He is regularly present at the club and can be observed making day-to-day decisions affecting personnel.   In addition, he implemented the illegal tip theft practices set forth herein.

6.      Plaintiff Haydee Sofia Hernandez was employed by Defendants as a bartender from 2024 through the end of 2025.

7.      Plaintiff Emerald Hernandez was employed by Defendants as a bartender from February 2025 through December 2025.

8.      Plaintiff Alice Basovsky was employed by Defendants as a bartender from February 2025 through December 2025.

9.      Plaintiff Gilda Oliveira was employed by Defendants as a bartender in February of 2025.

10.    Plaintiff Sarra Roussou was employed by Defendants as a bartender from October 2024 through early 2026.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

11.    Plaintiffs brings the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt service employees employed by Defendants on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12.    At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully stealing their tips and failing to timely pay them the minimum wage. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13.    The First Claim for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from the Defendants.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail, email, and text message to the last address, email address, and phone number known to Defendants.

**RULE 23 CLASS ALLEGATIONS – NEW YORK**

14.    Plaintiffs brings the Third, Fourth, Fifth and Sixth Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt service

employees employed by Defendants on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

15. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

16. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) members of the Class.

17. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and spread of hours compensation, of requiring Class members to split tips with tip ineligible employees, and of failing to provide adequate wage notices and statements. Defendant's corporate-wide policies and practices affected all Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18.    Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

19.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof.  In

addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20.     Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

21.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)     Whether Defendants employed Plaintiffs and the Class members within the meaning of the New York law.

b)     At what common rate, or rates subject to common methods of calculation, was and is Defendants required to pay Plaintiffs and the Class members for their work.

c)     What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the tip pool and tip allocations for Plaintiffs and the Class members.

d)     Whether Defendants paid Plaintiff and the Class members the state minimum wage for all hours worked.

e)     Whether Defendants provided Plaintiffs and the Class members with adequate wage notices and wage statements.

f)     What are and were the policies, practices, programs, procedures, protocols

and plans of Defendants regarding the type and amount of labor Plaintiffs and the Class members were required to perform.

g)      Whether Defendants retained a portion of Class members' tips.

## FACTS

### Wage and Hour

22.    Plaintiffs' Consent to Sue forms are attached hereto in Exhibit A.

23.    Defendants committed the following alleged acts knowingly, intentionally and willfully.

24.    Defendants knew that nonpayment of minimum wage and misappropriation of tips would economically injure Plaintiffs, FLSA Collective Plaintiffs, and the Class, and violated federal and state laws.

25.    Plaintiffs worked as bartenders at EVOL nightclub in Manhattan.

26.    Defendants regularly stole Plaintiffs' tips.

27.    Specifically, each night of work, customers pay mandatory 18% gratuities, referred to as such, on all their purchases. In addition, customers often leave cash tips on top of the service charges.

28.    Defendants did not distribute to service staff the entirety of the recovered tips and instead retain sizable portions of the tips for themselves. Defendants retain portions of both the mandatory gratuities and voluntary cash tips.

29.    In fact, former managers at the club informed Plaintiffs that this was the case and that the club regularly skimmed a significant portion of the nightly tips for itself.

30.    Further, Defendants regularly failed to pay Plaintiffs any wages or tips at all until weeks after the pay periods they were due.

31. Evol claimed to maintain bimonthly pay periods running from the 1st to 15th of each month and the 16th to the last day of each month. Evol also stated that the payday for the first pay period of the month was on the 20th of that month, and the payday for the second pay period of the month was on the 5th of the following month.

32. However, for the 1st to 15th of February 2025, Defendants did not pay the wage portion of Plaintiffs' pay until February 21, 2025, and did not pay the tips portion until much later.

33. Similarly, for the pay period ending May 15, 2025, Plaintiffs were paid nothing until May 27, 2025.

34. These late payments violated minimum wage and tip laws, requiring employees to receive minimum wages and their accrued tips during each pay period.

35. In addition, As food service workers, Plaintiffs were manual workers under the New York Labor Law. To be sure, they spent the majority of their work time performing manual work such as standing, walking, carrying items, and cleaning.

36. Thus, both Defendants' scheduled payday and the failure to pay on the scheduled payday violated New York law requiring that manual workers be paid on a weekly basis and not later than seven days after the end of the week. Defendants' did not give Plaintiffs proper notices laying how and when Plaintiff would be paid. As a result, until much later in their employments, Plaintiffs were not aware of their scheduled paydays and could not address sooner the late nature of Defendants' payroll.

37. Defendants knowingly committed the foregoing acts against the Plaintiffs, FLSA Collective members, and members of the Class.

**Discrimination/Retaliation Claims**

38.    In October of 2025, Plaintiff Hernandez complained to the Club's General Manager about race discrimination and unfair wage practices.    Specifically, Plaintiff sent the club the following email:

**From:** Haydee Sofia Hernandez
**Date:** Thu, Oct, 23, 2025 at 8:37 PM
**Subject:** Concom Regarding Workrplace D'scriminaryand Payroll Irregularities
**To:** ACET Evol

Good Evening,

I nope you are doing well, I am writing this message to formally bring to your attention my concern that I may be experiencing discrimination based on my

Over the past three months, I have noticed that I—ᵘ— the only 'Hispanic "permanent" bartennder—have been subjected to unfair scrutiny compared for her actions (such as drinking and socializing ing with guests) that some of more consequences. VꞮᵀᵉᵣ 'prmanent' antenders—as well as most of the previous staff—are of Asian descent, and this pattern is made me feel as if em being singelout because of my Venezuelan/Hispanic background.

Additionally, I would like to raize two concern's: the pay cycle has not been consisterit with  the  stated "biweekly" schedule, which has caused severe financial payments. Furthermore, there appears to be a lack of transparency regarrding the tip pool distribution, and I am concerned that employees may decr-elving full share of gratuities.

I value my position and an ommitted to continue maintaining a positive work environment. I would greatly appreciate if thee necessary seps to ensures transparency.

Thank you for your time and attention.

39.    Several days after Plaintiff Hernandez sent that email, Defendants retaliated against her by terminating her employment.

40.    Similarly, on December 8, 2025, Emerald Hernandez sent the General Manager an email complaining about Defendants' illegal pay practices.    Several days later, Plaintiff was informed by the general manager that Defendant Lin asked that she be permanently removed from the schedules.

## FIRST CLAIM FOR RELIEF
**(FLSA Minimum Wage, 29 U.S.C. § 201, *et seq.*)**
**(Brought by Plaintiffs on Behalf of Themselves**
**and the FLSA Collective Plaintiffs)**

41.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

42.     At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

43.     At all relevant times, Defendants have employed, "employee[s]," including Plaintiffs and each of the FLSA Collective Plaintiffs.

44.     During the statute of limitations period covered by these claims, Defendants knowingly paid Plaintiffs and the FLSA Collective Plaintiffs less than the minimum wage by, *inter alia*, failing to timely pay Plaintiffs and the FLSA Collective Plaintiffs.

45.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid minimum wage compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
**(FLSA Tip Retention, 29 U.S.C. § 203(m))**
**(Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Members)**

46.     Plaintiffs reallege and incorporate by reference all preceding paragraphs.

47.     At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

48.     At all relevant times, Defendants have employed, "employee[s]," including Plaintiffs and each of the FLSA Collective Plaintiffs.

49. During the statute of limitations period covered by these claims, Defendants knowingly retained a portion of Plaintiffs' and the FLSA Collective Plaintiffs' tips.

50. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective retained gratuities, liquidated damages as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.***
**Brought by Plaintiffs on Behalf of Themselves and the Class)**

51. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

52. Defendants knowingly paid Plaintiffs and the Class members less than the New York State minimum wage for every hour worked in a timely manner.

53. As a result of Defendant' unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FOURTH CLAIM FOR RELIEF
**(Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d and 198-b)**
**(Brought By Plaintiffs on Behalf of Themselves and the Class)**

54. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

55. Throughout the statute of limitations period covered by these claims, Defendants knowingly and willfully retained/misappropriated gratuities belonging to Plaintiffs and the Class members.

56. Plaintiffs, on behalf of themselves and the Class members, seek damages in the amount of their respective unpaid gratuities, liquidated damages as provided by the NYLL,

attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### FIFTH CLAIM FOR RELIEF
**(New York Wage Notice and Statement Requirements,
N.Y. Lab. L. §§ 195, 198
Brought by Plaintiffs on Behalf of Themselves and the Class)**

57.    Plaintiffs reallege and incorporate by reference all preceding paragraphs.

58.    Defendants did not provide Plaintiffs and the members of the Class with wage notices and statements that contained the required information under N.Y. Lab. Law § 195.

59.    As a result of Defendants' unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in an amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### SIXTH CLAIM FOR RELIEF
**(Late Payment of Wages, N.Y. Lab. L. § 191)
(Brought by Plaintiffs on Behalf of Themselves and the Class)**

60.    Plaintiffs reallege and incorporate by reference all preceding paragraphs.

61.    Defendants did not pay Plaintiffs and the Class Members on a timely basis as required under N.Y. Lab. L. § 191.

62.    Defendants repeatedly failed to pay Plaintiffs and the Class Members on their regular payday.

63.    As a result of Defendants' unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### SEVENTH CLAIM FOR RELIEF
**(NYLL Retaliation, N.Y. Lab. L. §§ 215, 740
(Brought by Plaintiffs Haydee Sofia Hernadez and Emerald Hernandez)**

64.    Plaintiffs reallege and incorporate by reference all preceding paragraphs.

65. Defendants willfully and unlawfully retaliated against Plaintiffs Haydee Sofia Hernadez and Emerald Hernandez for their engagement in protected activities, namely their complaints regarding discrimination and unlawful pay practices.

66. In retaliating against Plaintiffs Haydee Sofia Hernadez and Emerald Hernandez, Defendants knowingly acted in deliberate disregard of Plaintiffs' rights.

67. As a result of Defendants' unlawful conduct, Plaintiffs Haydee Sofia Hernadez and Emerald Hernandez are entitled to damages in an amount to be determined at trial, including compensatory damages for monetary damages and emotional distress, liquidated damages, punitive damages, front pay, attorneys' fees, costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### EIGHTH CLAIM FOR RELIEF
### (42 U.S.C. § 1981, et seq. ("Section 1981") – Retaliation
### Brought by Plaintiff Haydee Sofia Hernandez)

68. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

69. In violation of Section 1981, Defendant intentionally retaliated against Plaintiff Haydee Sofia Hernandez for complaining about racial discrimination.

70. Defendants' conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiff Haydee Sofia Hernandez' statutorily protected civil rights.

71. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff Haydee Sofia Hernandez has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, loss of income, including past and future salary.

72. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff Haydee Sofia Hernandez has suffered, and continues to suffer, substantial non-monetary damages,

13

including, but not limited to emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, and humiliation.

73.    As a result of Defendant's unlawful conduct, Plaintiff Haydee Sofia Hernandez is entitled to compensatory damages, including but not limited to damages for lost wages, back pay, front pay, and emotional distress; punitive damages; pre/post-judgment interest; attorneys' fees and costs; and such other legal and equitable relief as the Court deems just and proper.

**NINTH CLAIM FOR RELIEF**
**(New York City Human Rights Law ("NYCHRL")**
**N.Y.C. Admin. Code § 8-107 et seq. – Retaliation (Race)**
**Brought by Plaintiff Haydee Sofia Hernandez on behalf of Herself)**

74.    Plaintiffs reallege and incorporate by reference all preceding paragraphs.

75.    In violation of the NYCHRL, Defendants intentionally retaliated against Plaintiff Haydee Sofia Hernandez for complaining about racial discrimination.

76.    Defendants' conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiff Haydee Sofia Hernandez's statutorily protected civil rights.

77.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff Haydee Sofia Hernandez has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, loss of income, including past and future salary.

78.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff Haydee Sofia Hernandez has suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to emotional distress, physical pain and suffering, damage to Plaintiff Haydee Sofia Hernandez's good name and reputation, lasting embarrassment, and humiliation.

79.    As a result of Defendant's unlawful conduct, Plaintiff Haydee Sofia Hernandez is entitled to compensatory damages, including but not limited to damages for lost wages, back

14

pay, front pay, and emotional distress; punitive damages; pre/post-judgment interest; attorneys'

fees and costs; and such other legal and equitable relief as the Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and

members of the Class, prays for relief as follows:

A.     Designation of this action as a collective action on behalf of the FLSA Collective

Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all

similarly situated members of the FLSA opt-in class, apprising them of the

pendency of this action, and permitting them to assert timely FLSA claims and state

claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C.

§ 216(b);

B.     Designation of Plaintiffs as Representative of the FLSA Collective Plaintiffs;

C.     Designation of this action as a class action pursuant to F.R.C.P. 23.

D.     Designation of Plaintiffs as Representative of the Class.

E.     An award of damages, according to proof, including liquidated damages, to be paid

by Defendants;

F.     Penalties available under applicable laws;

G.     Costs of action incurred herein, including expert fees;

H.     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216; 42 U.S.C. § 1988; N.Y.

Lab. L. §§ 198, 215, 663, 740; N.Y.C. Admin. Code § 8-502; and other applicable

statutes;

I.     Pre-judgment and post-judgment interest, as provided by law; and

15

J.      Such other and further legal and equitable relief as this Court deems necessary, just

and proper.

Dated:  New York, New York           Respectfully submitted,
        February 27, 2026

                                     JOSEPH & KIRSCHENBAUM LLP


                                     By: /s/ *D. Maimon Kirschenbaum*
                                     D. Maimon Kirschenbaum
                                     42 Broadway, Suite 320
                                     New York, NY 10006
                                     Tel: (212) 688-5640
                                     Fax: (212) 981-9587

                                     *Attorneys for Named Plaintiffs, proposed*
                                     *FLSA Collective Plaintiffs, and proposed*
                                     *Class*


## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.