**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**---------------------------------------------------x**

**HAYDEE SOFIA HERNANDEZ, GILDA OLIVEIRA, EMERALD HERNANDEZ, SARRA ROUSSOU and ALICE BASOVSKY, on behalf of themselves and others similarly situated,**

**Plaintiffs,**

**v.**

**A PEACEFUL CORNER, INC., d/b/a EVOL NIGHTCLUB, and CHENG ("DANNY") LIN;**

**Defendants.**

**---------------------------------------------------x**

**CASE NO. 26-CV-1637**

# PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE

JOSEPH & KIRSCHENBAUM LLP
Michael DiGiulio
45 Broadway, Suite 320
New York, NY 10006
(212) 752-1611

*Attorneys for Plaintiffs, Proposed FLSA Collective, and Proposed Class*

Plaintiffs submit this reply memorandum of law in further support of their motion for conditional certification of an FLSA collective.[1]

## I. ARGUMENT

### A. Plaintiffs' Declarations and Supporting Documentary Evidence Is Sufficient To Show They Were Similarly Situated to Other Employees

Plaintiffs have made a modest factual showing that they and other putative collective members – *i.e.*, other bartenders – are similarly situated with respect to their FLSA late payment and tip misappropriation claims. As set forth in Plaintiffs' moving brief, Plaintiffs have shown that they and other putative collective members (1) did not receive all of the tips they earned, and (2) regularly received their weekly pay late. *See* P's MOL at 2-7. Plaintiffs made this showing with the same type of evidence that courts regularly find sufficient: Four Plaintiff declarations explaining how they were subject to the same allegedly unlawful practices as the other tipped employees (i.e., bartenders), as well as the filed complaint and emails between a plaintiff and Defendants. *See e.g., Onate v. AHRC Health Care, Inc.*, No. 20 Civ. 8292, 2023 U.S. Dist. LEXIS 22543, at *6, (S.D.N.Y. Feb. 9, 2023) (granting conditional certification based on named Plaintiffs' declarations and pay records); *King v. Fedcap Rehab. Servs.*, No. 20 CV 1784, 2022 U.S. Dist. LEXIS 18090, at *11-12 (S.D.N.Y. Feb. 1, 2022) (granting conditional certification based on two employee declarations and pay records).

Contrary to Defendants' contentions, Plaintiffs' declarations are not conclusory, vague or unsupported. *E.g.,* D's MOL at 2-4. Plaintiffs' declarations are specific and based on personal

[1] Herein, Plaintiffs reference Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Conditional Certification of FLSA Collective (Dkt. No. 25) ("D's MOL at ___); the July 6, 2026 declaration of Haydee Sofia Hernandez ("H.S. Hernandez Decl.") (Dkt. No. 21) and exhibits thereto ("H.S. Hernandez Ex. [number]"); the July 6, 2026 declaration of Gilda Oliveira ("Oliveira Decl.") (Dkt. No. 24); the July 7, 2026 Declaration of Emerald Hernandez ("E. Hernandez Decl.") (Dkt. No. 23); and the July 7, 2026 declaration of Alice Basovsky ("Basovsky Decl.") (Dkt. No. 22) and Plaintiff's Memorandum of Law in Support of Motion for Conditional Certification of FLSA Collective (Dkt. No. 19) ("P's MOL at ___").

knowledge of things at the Club that they witnessed first-hand or that their co-workers told them about – *i.e.*, how the tip pool generally operated, suspicious irregularities in the tip pool that conform with Plaintiff's allegations that Defendants stole tips, and the timing and frequency of when Plaintiffs, and other bartenders, were paid. P's MOL at 2-7; Compl. ¶¶ 22-36; H.S. Hernandez Decl. ¶¶ 3-30; Oliveria Decl. ¶¶ 3-18; E. Hernandez Decl. ¶¶ 3-17; Basovksy Decl. ¶¶ 3-14. A statement of a person's experiences or observations is not conclusory, even if every detail relating to those experiences or observations is not recounted. *See Dingle v. Zon*, 189 F. App'x 8, 11 (2d Cir. 2006).

For example, four of the named Plaintiffs submitted declarations that provide first-hand knowledge of how the tip pool operated, including evidence that Defendants were taking money out of the tip pool for themselves and to pay tip ineligible employees (i.e., managers). 29 U.S.C. § 203(m)(2)(B). Specifically, these Plaintiffs state that: 1) Defendants collected all cash tips every shift and included those tips in the tip pool that Defendants managed and oversaw[2]; 2) Defendants did not tell Plaintiffs or the other bartenders how much they made in tips on any given night and simply added tips to Plaintiffs' paychecks; 3) multiple identified employees at the Club, including a former manager, told various plaintiffs that Defendant Cheng Lin (the owner of the Club) was taking money out of the tip pool; 4) multiple identified managers told Plaintiff H.S. Hernandez that Defendants paid them, in part, via tips from the tip pool; and 5) on many occasions (with specific examples), the tips distributed to plaintiffs were significantly less than what they believed

[2] For purpose of the record, Plaintiffs acknowledge that a mandatory charge (e.g., an 18% automatic service charge) is a gratuity under the New York Labor Law and but is not a gratuity protected under the FLSA. *See e.g., Barenboim v. Starbucks Corp.*, 698 F.3d 104, 112 (2d Cir. 2012) (explaining that mandatory service charges are "gratuities" under NYLL § 196-d but that "tips" under the FLSA does not include obligatory service charges). Nevertheless, for purposes of this motion, Plaintiffs have alleged that Defendants routinely collected cash tips at the Club and included these tips in the tip pool. H.S. Hernandez Decl. ¶ 7; Oliveira Decl. ¶ 7; E. Hernandez Decl. ¶ 7; Basovsky Decl. ¶ 7. As such, these cash tips were gratuities under the FLSA, and Defendants' misappropriation of these tips via unlawful distributions from the tip pool to managers and owners is a violation of the FLSA. *See* 29 U.S.C. § 203(m)(2)(B).

they were owed from the tip pool based on the amount of sales on during that shift. *See e.g.,* H.S. Hernandez Decl. ¶¶ 3-17; Oliveira Decl. ¶¶ 3-15; E. Hernandez Decl. ¶¶ 3-13; Basovsky Decl. ¶¶ 3-11. This is plainly sufficient to meet the modest factual showing standard that all tipped employees were similarly situated to Plaintiffs and Defendants subjected them to a common unlawful policy of tip stealing.

Defendants' argument that there are no other similarly situated employees that were harmed by Defendants' tip stealing is absurd on its face. Because tips were pooled and then distributed to tip eligible employees, all employees that was lawfully in the tip pool were harmed (i.e., received a lower amount in tips) when Defendants diverted tips to themselves and tip ineligible employes. *See e.g., Salim Shahriar v. Smith & Wollensky Rest. Group, Inc.*, 659 F.3d 234, 252 (2d Cir. 2011) (explaining that "if certain individuals…are found to have been included inappropriately in the tip pool such a determination would affect every plaintiff and would result in everybody else [lawfully included in the tip pool] getting something more [i.e., more tips]").

Defendants are incorrect that Plaintiffs' declarations stating what managers told them about how the tip pool was allocated is "hearsay" and should not be relied upon. *See* D's MOL at 4. First, under Federal Rule of Evidence 801(d)(2)(D) statements by the Defendants' managers is not hearsay but a statement by a party opponent. *See* FRE 801(d)(2)(D) ("A statement…is not hearsay [if] [t]he statement is offered against an opposing party and…was made by the party's agent or employee on a matter within the scope of that relationship and while it existed…); *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1238 n.1 (2d Cir. 1995) (holding that a plaintiff's testimony as to what her supervisor told her about her employment was admissible as non-hearsay under FRE 801(d)(2)(D)). Therefore, Plaintiffs' declarations attesting that Defendants' managers told them that they were being paid via the tip pool and that Defendant Cheng was skimming tips

from the pool is admissible. H.S. Decl. ¶¶ 14-17; E. Hernandez Decl. ¶ 11. Second, even if these statements were considered hearsay, they would still provide a sufficient basis to grant Plaintiffs' motion because, "[h]earsay assertions about co-workers' circumstances have consistently been found to be sufficient for purposes of FLSA conditional certification." *Ahmed Hegazy v. Halal Guys, Inc.*, Case No. 22 Civ. 1880, 2022 U.S. Dist. LEXIS 159160, at *10 (S.D.N.Y., Sept. 1, 2022) (collecting cases). Thus, Plaintiffs' declarations stating that other non-managerial employees told them that Defendant Cheng Lin was stealing tips from the tip pool is sufficient evidence for purposes of this motion. E. Hernandez Decl. ¶¶ 9-10.

Plaintiffs have also put forth sufficient evidence to show that Defendants regularly paid similarly situated employees late. *See* P's MOL at 5-7. Again, Plaintiffs submit four declarations stating that: 1) Defendants claimed to maintain a bi-monthly pay period in which all plaintiffs were to be paid on the 5th and 20th of the month; 2) Defendants regularly and routinely paid Plaintiffs late; and 3) this practice was widespread and effected other employees. *See e.g.,* H.S. Hernandez ¶¶ 24-30; Oliveira Decl. ¶¶ 16-18; E. Hernandez Decl. ¶¶ 14-17; Basovsky Decl. ¶¶ 12-14; Compl. ¶¶ 30-36. Contrary to Defendants' argument that Plaintiffs only allege isolated incidents that only related to them, Plaintiffs provide specific allegations of late payments that show Defendants' practice of late payment was widespread and affected other employees at the Club. For example, Plaintiffs identified two weeks during which they were all paid late, which suggests that Defendants' entire payroll was late during these weeks. *See* H.S. Hernandez ¶¶ 27-28; Oliveira Decl. ¶¶ 16-18; E. Hernandez Decl. ¶¶ 14-17; Basovsky Decl. ¶¶ 12-14. Plaintiff E. Hernandez worked at the Club for about 10 months and can only recall two occasions when she received her paycheck on time. E. Hernandez Decl. ¶¶ 2, 16. Plaintiff H.S. Hernandez attached emails to her declaration showing that she was paid late during at least 27 pay periods and that Defendants'

statements about such payments indicated that the late payments were not limited to paying Plaintiff H.S. Hernandez but was caused by Defendants' tardiness in running payroll for the *entire* Club. *See* H.S. Hernandez Ex. A at 13 ("We just released the payroll today"); at 17 ("Payroll release today."). Thus, Plaintiffs submitted ample evidence showing that Defendants maintained a common policy and practice of regularly and routinely paying their employees (and not just Plaintiffs) late.

Finally, Defendants' assertion that because Plaintiffs did not identify any other similarly situated putative collective members (other than the five named Plaintiffs) that Plaintiffs have failed to show that other bartenders were similarly situated is wrong. *See* D's MOL at 4-5. This Court need not throw out its common sense when evaluating whether other bartenders that worked at the Club are similarly situated. *See Shajan v. Barolo*, Case No. 10 Civ. 1385, 2010 U.S. Dist. LEXIS 54581, at *3 (S.D.N.Y. June 2, 2010) ("[D]efendants oppose the motion on the ground that the plaintiffs have… not established that they and the other members of the proposed class are similarly situated. This is a ridiculous argument. The Court has not spent her life under a toadstool – I know what… bartenders do when they go to work. Defendant certainly offers no evidence that these plaintiffs are unique in the world of service personnel in restaurants."). The Court should decline Defendants' invitation to be willfully ignorant of the reality that a restaurant's front of house staff "generally perform similar jobs and are subject to similar compensation systems." *Martinenko v. 212 Steakhouse Inc.*, Case No. 22 CV 518, 2022 U.S. Dist. LEXIS 76078, at *14-15 (S.D.N.Y. April 26, 2022).

**B. Plaintiffs Seek a Collective of Bartenders**

In Plaintiffs' motion and proposed notice, Plaintiffs define the proposed collective as all "non-exempt service employees (i.e., bartenders)." It is Plaintiffs position that the only employees

at the Club that were service employees and that were lawfully paid via the tip pool were the bartenders. As such, Plaintiffs do not oppose Defendants' request to clarify the definition of the collective in the notice and approval order as all "individuals employed by Defendants as bartenders." D's MOL at 5.

**C. Plaintiffs' Proposed Notice and Plan of Notice Should Be Approved**

Defendants raise three other issues with Plaintiffs' proposed notice – (1) that the language in Plaintiffs' proposed notice is too argumentative, (2) that a statement regarding the law as it pertains to immigration status of a potential opt-in plaintiff should be removed from the notice, and (3) that the notice period should be limited to two years. *See* D's MOL at 5-8. The Court should reject all of these proposals.

The description of the claims in Plaintiffs' proposed notice is not argumentative and should not be altered. *See* D's MOL at 5. Defendants apparently take issue with Plaintiffs' plain language description of the allegations in the complaint, which states: "Plaintiffs allege that Defendants failed to pay Plaintiffs…the minimum wage they were owed in a timely manner and unlawfully misappropriated their tips." DiGiulio Ex. A at 1. This is a straightforward description of Plaintiffs' allegations and is not unnecessarily inflammatory or accusatory. Notably, Defendants do not quote this section in full, which also includes a statement that "Defendants deny Plaintiffs' claims and maintain that they paid employees properly." *Id.* This is clearly not a one-sided description of the parties' positions. The cases that Defendants cite are inapposite and are not comparable to the description of the claims in the proposed notice. *See Shi Yong Li v. 6688 Corp.*, Case No. 12 Civ. 6401, 2013 U.S. Dist. LEXIS 148020, at *8-9 (S.D.N.Y. Sept. 27, 2013) (changing proposed language in notice because language describing the attorney-client relationship between class counsel and potential class members and class members' right to retain their own attorneys was

"misleading"); *Aboah v. Fairfield Healthcare Servs., Inc.*, Case No. 3:20-CV-00763, 2023 U.S. Dist. LEXIS 201348, at *24-26 (D. Conn. July 28, 2023) (reprimanding plaintiff's counsel for unauthorized communications and solicitation of potential op-in plaintiffs). More fundamentally, Defendants' suggested language is vaguer, but no less argumentative, than Plaintiffs' proposal. *See* D's MOL at 6. There is simply no reason to alter Plaintiffs' description of the claims in the proposed notice.

The statement in the proposed notice that recipients of the notice "may participate in this lawsuit even if [they] are not working in this country legally," is a clear and true statement of the law and should not be altered. DiGiulio Ex. A at 2; *Colon v. Major Perry Street Corp.*, 987 F. Supp. 2d 451, 453 (S.D.N.Y. 2013) ("[U]ndocumented workers… [are] eligible to recover unpaid…wages under [the] FLSA") (collecting cases). The purpose of this notice is to inform potential opt-in plaintiffs of the lawsuit and of their right to join the collective. A plain statement as to the rights of a potential opt-in plaintiff, including their rights as it relates to their immigration status, furthers this end. Similar language regarding a potential opt-in plaintiff's immigration status in collective action notices has been approved by other courts in this District. *See, e.g., id.* at 464 (approving the following statement in the notice: "Federal law also permits you to join in this lawsuit and share in any recovery regardless of your immigration status."). Defendants do not cite to a single case where this type of notification language was found to be inappropriate or misleading – because it is not. D's MOL at 6.

As Plaintiffs explained in their moving brief, because Plaintiffs alleged that Defendants' FLSA violations were willful and submitted evidence showing that the violations were willful[3],

---

[3] Contrary to Defendants' position, Plaintiffs' have submitted evidence of willfulness. Specifically, Plaintiffs submit declarations attesting that managers admitted that they were being paid out of the tip pool and that Defendants were stealing tips from the pool. *See e.g.,* H.S. Decl. ¶¶ 14-17; E. Hernandez Decl. ¶ 9-11.

the Court should authorize a notice period of three-years before the filing of the initial complaint. P's MOL at 13-14; 29 U.S.C. § 255(a). This is the standard practice in this district. *See* P's MOL at 13-14 (citing case); *e.g.*, *Hegazy*, 2022 U.S. Dist. LEXIS 159160, at *11. Notably, Defendants do not cite to a single case where the Court limited the notice period to two years. *See* D's MOL at 7-8. However, Plaintiffs do not object to adding Defendants' proposed language in the notice stating that Defendants take the position that the two-year statute of limitation applies to the FLSA claims. *See* D's MOL at 8.

Finally, because Defendants do not object to any other language in the proposed notice, the discovery sought by Plaintiffs from Defendants in order to effectuate notice, or the plan for disseminating the notice, *see* D's MOL at 5-9, the Court should approve these aspects of Plaintiffs' motion, *see* P's MOL at 12-14.

## II. CONCLUSION

For the reasons set forth herein and in Plaintiffs' moving papers, Plaintiffs respectfully request that the Court grant their motion in full.

Dated: New York, New York
August 14, 2026

JOSEPH & KIRSCHENBAUM LLP

By: /s/ Michael DiGiulio
Michael DiGiulio
45 Broadway, Suite 320
New York, New York 10006
(212) 688-5640

*Attorneys for Plaintiffs, proposed FLSA Collective, and proposed Class*