UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAYDEE SOFIA HERNANDEZ, GILDA OLIVEIRA, EMERALD HERNANDEZ, SARRA ROUSSOU, and ALICE BASOVSKY, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>-v-<br><br>A PEACEFUL CORNER, INC., d/b/a EVOL NIGHTCLUB and CHENG ("DANNY") LIN,<br><br>Defendants. | 26-cv-1637 (SHS)<br><br>OPINION & ORDER |

SIDNEY H. STEIN, U.S. District Judge.

Plaintiffs—former bartenders at a nightclub in New York City—bring this action on behalf of themselves and other similarly situated alleging, *inter alia*, violations of the Fair Labor Standards Act ("FLSA"). Currently before the Court is plaintiffs' motion for conditional certification of an FLSA collective pursuant to 29 U.S.C. § 216(b) as well as for an order directing defendants to produce certain information about potential opt-in plaintiffs and approving plaintiffs' proposed notice to the putative collective. For the reasons that follow, the Court grants plaintiffs' motion.

## I. BACKGROUND

Plaintiffs Haydee Sofia Hernandez ("H.S. Hernandez"), Alice Basovsky, Emerald Hernandez ("E. Hernandez"), Gilda Oliveira, and Sarra Roussou were employed by defendants as bartenders at EVOL Nightclub in New York City at various points from 2024 to early 2026. (Dkt. No. 1 ("Compl.") ¶¶ 6–10.) As relevant to this motion, plaintiffs allege that EVOL Nightclub's owners—defendants A Peaceful Corner, Inc. and Cheng "Danny" Lin (*id.* ¶¶ 3, 5)—violated the FLSA by failing to make timely minimum wage payments (*id.* ¶ 44) and misappropriating plaintiffs' tips (*id.* ¶ 49). Plaintiffs now move for conditional certification of an FLSA collective consisting of all individuals employed by defendants at EVOL Nightclub as bartenders on or after February 27, 2023. (*See* Dkt. No. 18; Dkt. No. 19 at 1.) Plaintiffs also seek approval of their proposed notice informing the putative collective of this action as well as an order from the Court directing defendants to provide plaintiffs with the names, dates of employment, and positions held by potential opt-in plaintiffs along with their last

known addresses, phone numbers, and e-mail addresses. (Dkt. No. 19 at 1, 14.) Defendants oppose plaintiffs' motion. (*See* Dkt. No. 25 ("Opp.").)

## II. Legal Standard

The FLSA "regulates minimum wages and overtime wages paid by employers engaged in interstate commerce." *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 320 (S.D.N.Y. 2007). An employee may bring suit against his employer for violations of the FLSA's provisions both on "behalf of himself" as well as on behalf of "other employees similarly situated." 29 U.S.C. § 216(b).

In *Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010), the U.S. Court of Appeals for the Second Circuit endorsed a two-step approach for determining whether a case should proceed as an FLSA collective. At the first step, the named plaintiffs must make a "modest factual showing" that they and potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law," *id.* at 555 (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)), at which point the district court may conditionally certify a collective and send (or direct plaintiffs' counsel to send) notice to potential opt-in plaintiffs, *id.* During the second step, the district court evaluates "whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Id.* If they are not, the action may be "de-certified" and the opt-in plaintiffs' claims dismissed without prejudice." *Id.*

## III. Discussion

### A. Plaintiffs' Motion for Conditional Certification is Granted

Plaintiffs claim that their employers—A Peaceful Corner, Inc. and Danny Lin—unlawfully retained a portion of their tips (Compl. ¶¶ 26–29, 49) and regularly failed to make timely minimum wage payments to plaintiffs (*id.* ¶¶ 30–34, 44). Applying *Myers*, the Court must determine whether plaintiffs have made a "modest factual showing" that they and potential opt-in plaintiffs "together were victims of" defendants' alleged unlawful actions. *Myers*, 624 F.3d at 555.

Plaintiff bartenders H.S. Hernandez, Basovsky, E. Hernandez, and Oliveira have submitted declarations in support of their motion for conditional certification. (*See* Dkt. No. 21 ("H.S. Hernandez Decl."); Dkt. No. 22 ("Basovsky Decl."); Dkt. No. 23 ("E. Hernandez Decl."); Dkt. No. 24 ("Oliveira Decl.").) Taken together, these declarations explain that defendants operated a tip pool for bartenders at EVOL Nightclub and collected all cash and credit card tips (H.S. Hernandez Decl. ¶¶ 6–7; Basovsky Decl. ¶¶ 6–7; E. Hernandez Decl. ¶¶ 6–7; Oliveira Decl. ¶¶ 6–7); that defendants did not pay

plaintiffs all of the tips collected as required (Basovsky Decl. ¶ 8; E. Hernandez Decl. ¶ 8; Oliveira Decl. ¶ 8); that defendants stole tips from the tip pool and distributed tips from the pool to managers who were not eligible to receive tips (H.S. Hernandez Decl. ¶¶ 12–13); that multiple managers had admitted that they had received tips from the tip pool (H.S. Hernandez Decl. ¶¶ 14–16); and that the amount of tips defendants paid to plaintiffs did not fluctuate in proportion with the sales volumes that plaintiffs observed even though defendants levied an automatic 18% gratuity on all customer purchases (H.S. Hernandez Decl. ¶ 4, 19–23; Basovsky Decl. ¶¶ 4, 10; E. Hernandez Decl. ¶¶ 4, 12–13; Oliveira Decl. ¶¶ 4, 12–15).

H.S. Hernandez recounts being told by a former manager that Lin was taking money out of the tip pool. (H.S. Hernandez Decl. ¶ 17.) E. Hernandez claims to have seen text messages from former managers stating that Lin was stealing tips from the tip pool. (E. Hernandez Decl. ¶¶ 9, 11.)

Plaintiffs' declarations also allege that defendants repeatedly paid them late and describe specific occasions on which paychecks were delayed. (H.S. Hernandez Decl. ¶¶ 24–29; Basovsky Decl. ¶¶ 12–14; E. Hernandez Decl. ¶¶ 14–17; Oliveira Decl. ¶¶ 16–18.) For example, three plaintiffs recount having been paid seven days late for the pay period ending May 15, 2025. (H.S. Hernandez Decl. ¶ 28; Basovsky Decl. ¶ 14; E. Hernandez Decl. ¶ 17.) Lengthy email exchanges attached to H.S. Hernandez's declaration between herself and defendants' accountant also appear to demonstrate that defendants routinely issued paychecks late. (*See* H.S. Hernandez Decl. at Ex. A.)

Plaintiffs' declarations provide more than the "modest factual showing" necessary to establish that both they and other bartenders employed at EVOL Nightclub were "victims of a common policy or plan" of misappropriating tips and failing to make timely minimum wage payments. *Myers*, 624 F.3d at 555; *see also Hallissey v. Am. Online, Inc.*, No. 99-cv-3785, 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008). Accordingly, plaintiffs' motion for conditional certification of an FLSA collective consisting of all individuals employed as bartenders at EVOL Nightclub on or after February 27, 2023, is granted.

### B. Approval of Notice and Disclosure of Potential Opt-in Plaintiffs

Plaintiffs additionally seek the Court's approval of their proposed notice alerting potential opt-in plaintiffs to the pendency of this action as well as an order directing defendants to disclose certain information needed to identify and contact potential opt-in plaintiffs. (Dkt. No. 19 at 1; Dkt. No. 20.) Defendants object to four aspects of plaintiffs' proposed notice but appear to take no position regarding plaintiffs' request for the disclosure of information. (*See* Opp. at 5–8.)

"Once an FLSA collective has been conditionally certified, the content of the notice is 'left to the broad discretion of the trial court.'" *Lazaar v. Anthem Companies, Inc.*, 678 F. Supp. 3d 434, 442 (S.D.N.Y. 2023) (quoting *Fasanelli.*, 516 F. Supp. 2d at 323). "The Court's role is to ensure that notice 'is timely, accurate, and informative.'" *Id.* (quoting *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 172 (1989)). "At the same time, 'the notice process for case management purposes is distinguishable in form and function from the solicitation of claims,' and 'courts must take care to avoid even the appearance of judicial endorsement of the merits of the action.'" *Id.* (quoting *Hoffman-La Roche*, 493 U.S. at 174).

Defendants first object to the proposed notice's definition of the FLSA collective as all "non-exempt service employees (i.e., bartenders)." (Opp. at 5.) They assert that this definition is needlessly confusing given that plaintiffs seek a collective of only bartenders. (*See id.*) The Court agrees. Plaintiffs shall revise their notice to reflect that the collective consists of all individuals employed as bartenders at EVOL Nightclub on or after February 27, 2023.

Second, defendants claim that the proposed notice's description of plaintiffs' claims is overly argumentative and could be read to suggest that the Court has endorsed plaintiffs' position. (*Id.* at 5–6.) The Court disagrees.

The Court's touchstone in reviewing plaintiffs' proposed notice is whether the notice is "timely, accurate, and informative." *See Hoffman-La Roche*, 493 U.S. at 172. The proposed notice states that "Plaintiffs allege that Defendants failed to pay Plaintiffs . . . the minimum wage they were owed in a timely manner and unlawfully misappropriated their tips." (Dkt. No. 20-1 ("Notice") at 1.) It goes on to explain that "Defendants deny Plaintiffs' claims and maintain that they paid employees properly" (*id.*) and notes that "the Court has not made any determination on the merits of Plaintiffs' claims" (*id.* at 2). The proposed notice thus accurately informs potential opt-in plaintiffs of the parties' positions without attributing any position to the Court, making no revisions necessary in this regard.

Third, defendants object to the proposed notice's statement that recipients "may participate in this lawsuit even if [they] are not working in this country legally." (Opp. at 6; Notice at 2.) Numerous courts in this district have approved of the inclusion of similar language in notices to potential opt-in plaintiffs. *See Hong v. Haiku @ WP Inc.*, 582 F. Supp. 3d 117, 133–34 (S.D.N.Y. 2022) (collecting cases). Because this statement is an accurate description of the law, *see Colon v. Major Perry St. Corp.*, 987 F. Supp. 2d 451, 453 (S.D.N.Y. 2013) ("[U]ndocumented workers continue to be eligible to recover unpaid minimum wage and overtime wages under FLSA."), and its inclusion will assist potential opt-in plaintiffs in making "informed decisions about whether to participate,"

*Hong*, 582 F. Supp. 3d at 132 (citation modified), the Court follows its sister courts in permitting its inclusion.

Fourth, defendants object to plaintiffs' use of a three-year notice period, arguing that the FLSA's ordinary two-year limitations period should instead apply. (Opp. at 7–8.) Where, as here, there is an allegation of willful violations of the FLSA (*see* Compl. ¶ 23), a three-year statute of limitations may ultimately be the appropriate statute of limitations, 29 U.S.C. § 255(a), and courts will generally authorize notice covering a three-year period, *see, e.g., Hegazy v. Halal Guys, Inc.*, No. 22-cv-1880, 2022 WL 4008237, at *4 (S.D.N.Y. Sept. 2, 2022) ("The notice period is generally governed by the statute of limitations for the violations alleged . . . ."); *see also Ruiz v. Truffa Pizzeria & Wine Room Corp.*, No. 20-cv-8645, 2021 WL 568249, at *6 (S.D.N.Y. Feb. 15, 2021) ("Specific challenges to the timeliness of the claims of certain opt-in plaintiffs or the named Plaintiff can be addressed after the completion of discovery during the second phase of the collective action certification process." (citation modified)). Plaintiffs may therefore utilize a three-year notice period in their collective action notice. However, to ensure that potential opt-in plaintiffs are accurately apprised of the parties' positions, plaintiffs are instructed to include the following language authored by Judge Liman in *Ruiz* in their notice:

> Defendants take the position that the statute of limitations for the Fair Labor Standards Act claims in this case is two years. The Court may ultimately determine that you do not have a claim if you were not employed by Defendants within the two-year period prior to the time you joined this lawsuit.

*Ruiz*, 2021 WL 568249, at *6.

* * *

Mindful of the need to provide potential opt-in plaintiffs with "accurate and timely notice concerning the pendency of the collective action," *Hong*, 582 F. Supp. 3d at 132 (citation modified), the Court approves of plaintiffs' proposed notice, as modified by this Opinion & Order. Defendants are directed to provide counsel for plaintiffs, in Excel format, the names, dates of employment, and positions held by potential opt-in plaintiffs along with their last known addresses, phone numbers, and e-mail addresses.

## IV. Conclusion

Having made the "modest factual showing" that both the named plaintiffs and the other bartenders employed at EVOL Nightclub were victims of a common policy or plan of misappropriating tips and failing to make timely minimum wage payments, plaintiffs' motion for conditional certification of the collective (Dkt. No. 18) is granted. Plaintiffs are authorized to issue notice of the pendency of this lawsuit as annexed to the declaration of Michael DiGiulio (Dkt. No. 20) and as modified by this Opinion & Order.

Plaintiffs shall issue notice of the pendency of this lawsuit within sixty days of the date of this Opinion & Order, and individuals shall have sixty days in which to join the collective from the date notice is sent. Within thirty days of the issuance of this Opinion & Order, defendants are directed to furnish to counsel for plaintiffs, in Excel format, the names, dates of employment, and positions held by potential opt-in plaintiffs along with their last known addresses, phone numbers, and e-mail addresses.

Dated: New York, New York
September 17, 2026

SO ORDERED:

Sidney H. Stein, U.S.D.J.